Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, MacLeary y Wolf.

---

## Ex Parte Díaz.

### Recurso de revisión.

No. 73.   Resuelto en Marzo 17, 1905.

Procedimiento.—Recurso de revisión.—El título 22 del Libro segundo de la antigua Ley de Enjuiciamiento Civil, que autoriza el recurso de revisión, ha sido derogado por ser sus disposiciones incompatibles con el Código de Enjuiciamiento Civil vigente.

Id.—Nuevo juicio.—La concesión de un nuevo juicio, regulado por los artículos 220 al 226 del Código de Enjuiciamiento Civil, solo puede otorgarse, cuando. proceda, por el Juez que conoció originalmente del juicio anterior.

Id.—Cuestiones de derecho substantivo.—Las disposiciones del art. 7 del Código Civil no son aplicables en materia de procedimiento ó de derecho adjetivo, sino cuando se trata de decidir cuestiones de derecho substantivo.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. Benítez Castaño.*

Abogado de la parte opositora: *Sr. Cuevillas.*

El Juez Asociado Sr. Hernández, emitió la opinión del Tribunal.

Con fecha 13 de Febrero próximo pasado el abogado Don Eugenio Benítez Castaño, á nombre de Don Acisclo Díaz Valcarcel, presentó escrito solicitando que se disponga por esta Corte Suprema la revisión del pleito sostenido por Díaz Valcarcel contra Don Mauricio y Don Arturo Guerra, sobre interdicto de obra nueva, en cuyo pleito, según alega, recayeron varios fallos, á saber, uno á favor del demandante por el Juzgado de 1ª Instancia de San Francisco, uno en pro y otro en contra del mismo demandante, por la Corte de Distrito de San Juan, y por último, otro de la Corte Suprema desestimando el recurso de casación por quebrantamiento de forma é infracción de ley.

El peticionario acompaña copia literal de la sentencia

que dice pronunció la Corte de Distrito de San Juan en 31 de Agosto de 1900 por la que se declaró con lugar la demanda de interdicto, sentencia firmada por los Jueces Don Juan R. Ramos, Don Felipe Cuchí y Don Angel Acosta, disidente, sin que la diligencia de la publicación aparezca autorizada por funcionario alguno.

También se ha presentado otra copia de la sentencia pronunciada por la mencionada Corte en 24 de Setiembre del año expresado, por la que se declaró sin lugar el mismo interdicto, cuya sentencia firman los Jueces Don Juan R. Ramos, y Don Felipe Cuchí, quien disentía del fallo, autorizando también el primero, con su firma, la manifestación de que Don Angel Acosta votó en Sala y no quiso firmar.

Contra esa segunda sentencia fué que se interpusieron los dos recursos de casación desestimados por la Corte Suprema y la parte funda su petición de revisión del juicio, principalmente, en que el pleito estaba ya decidido por la sentencia de 31 de Agosto, cuando se dictó la de 24 de Setiembre, que fué materia de los recursos de casación, presentando, para comprobar ese hecho, copias de cartas de Don Felipe Cuchí y de Don Juan R. Ramos, testimoniadas en acta notarial, y copia de acta notarial en que constan manifestaciones hechas sobre el particular por Acosta y oídas por Don Antonio Moreno Calderón.

El Letrado de Don Acisclo Díaz no cita texto legal alguno que autorice la revisión del pleito de que se trata, y en el acto de la vista manifestó que si bien no hay ley alguna que expresamente ampare su pretensión, puede aplicarse al caso el Artículo 7o. del Código Civil, preceptivo de que ''cuando no haya ley aplicable el caso, el Tribunal resolverá conforme á equidad, que quiere decir, que se tendrá en cuenta la razón natural, de acuerdo con los principios generales del derecho, y los usos y costumbres establecidos.''

Hemos buscado las leyes que puedan ser aplicables al

presente caso, y hallado que el título 22 del Libro 2o. de la antigua Ley de Enjuiciamiento Civil autoriza el recurso de revisión; pero como el peticionario no se ha ajustado á los preceptos de dicho título para formular su pedimento, y por otra parte, ese título ha sido derogado por incompatibilidad con el Código de Enjuiciamiento Civil, aprobado en 1º de Marzo del año próximo pasado, que comenzó á regir en 1º de Julio del mismo año, sería improcedente el recurso de revisión intentado, si se fundara en la ley expresada.

Hemos acudido al nuevo Código de Enjuiciamiento Civil, actualmente vigente, y en el Capítulo 6º del título 9º desde el art. 220 al 226, hay preceptos que regulan la concesión de un nuevo juicio, pero dentro de esos preceptos no cabe que este Tribunal acuerde la revisión solicitada, que sólo podría otorgarse, en su caso, por el Juez que conoció originalmente del juicio anterior.

Habiendo, pues, como hay, preceptos que autorizan, en casos taxativos, la celebración de un nuevo juicio, se hace ocioso invocar el art. 7ª del Código Civil, que no es aplicable en materia de procedimiento, ó de derecho adjetivo, sino cuando se trata de decidir materia de derecho sustantivo.

Por las razones expuestas opinamos que debe declararse sin lugar la revisión del pleito que solicita la representación de Don Acisclo Díaz Valcarcel.

Jueces Concurrentes: Sres. Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Wolf también concurrió, haciendo constar que no está conforme con todos los fundamentos expresados en la opinión.