ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Parte Apelada<br><br>v.<br><br>ÁNGEL L. QUIÑÓNEZ GONZÁLEZ, BETSY MARIE CORTÉS VÉLEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Apelante | TA2025AP00663 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: GB2025CV00542<br><br>Sala: 601<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de marzo de 2026.

Comparecen ante *nos* Ángel L. Quiñones González y Betsy M. Cortés Vélez (en conjunto, los apelantes), por derecho propio, y nos solicitan que revisemos y revoquemos una *Sentencia Parcial* emitida el 13 de noviembre de 2025 y notificada el 14 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Aguadilla. Mediante dicho dictamen, el TPI decretó el archivo de la *Demanda*, con perjuicio, a favor de Betsy M. Cortés Vélez y desestimó las dos (2) *Reconvenciones* presentadas por los apelantes.

Asimismo, nos solicitan que revisemos una *Orden* emitida y notificada el 12 de noviembre de 2025, mediante la cual el foro primario declaró *No Ha Lugar* la solicitud de sentencia en rebeldía en cuanto a las *Reconvenciones* presentadas.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de apelación presentado.

**I.**

El 13 de junio de 2025, el Banco Popular de Puerto Rico (apelada) instó una *Demanda* sobre cobro de dinero y ejecución de

gravamen mobiliario en contra de los apelantes. Luego de varios incidentes procesales, innecesarios pormenorizar, el 17 de septiembre de 2025, Ángel L. Quiñones González presentó una *Contestación a Demanda Enmendada y Reconvención*. Ese mismo día, Betsy M. Cortés Vélez también presentó una *Contestación a Demanda Enmendada y Reconvención*.

Entretanto, el 29 de septiembre de 2025, los apelantes presentaron una *Moción Solicitando Sentencia en Rebeldía sobre la Reconvención*. En igual fecha, la parte apelada presentó una *Moción en Cumplimiento de Orden y en Solicitud de Prórroga para Contestar la Reconvención*. Acaecidos varios incidentes procesales, el 30 de octubre de 2025, los apelantes presentaron una *Moción Solicitando Sentencia en Anotación de Rebeldía sobre Reconvenciones*. En la misma, solicitó que se declare en rebeldía a la parte apelada por no haber presentado su alegación responsiva a la *Reconvención* dentro del término concedido y que se dictara sentencia adjudicando los daños compensatorios solicitados.

El 30 de octubre de 2025, la parte apelada presentó una *Moción en Solicitud de Autorización de Desistimiento y Solicitud de Desestimación de Reconvención*. En esta, solicitó, entre otras cosas, la desestimación de la *Reconvención* por dejar de exponer una reclamación que justifique la concesión de un remedio. Argumento que, la *Reconvención* presentada por Betsy M. Cortés Vélez se limita a planteamientos de carácter defensivo sobre su relación con Ángel L. Quiñones González y la existencia de capitulaciones matrimoniales. Así, sostuvo que dicho planteamiento no constituye una causa de acción de reconvención. De igual forma, ese mismo día, la parte apelada presentó una *Solicitud de Desestimación de Reconvención* en cuanto a la *Reconvención* que presentó Ángel L. Quiñones González.

En desacuerdo, el 31 de octubre de 2025, Ángel L. Quiñones González, presentó una *Moción en Oposición a Solicitud de Desestimación [...]*. Arguyó que no procede la desestimación de la *Reconvención*, pues el incluir a su esposa en la *Demanda*, a pesar de que no firmó el contrato y ante la existencia de capitulaciones matrimoniales, les ha causado daños emocionales, peleas matrimoniales, humillación pública y violaciones a sus derechos constitucionales.

Posteriormente, el 12 de noviembre de 2025, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de sentencia en rebeldía en cuanto a las *Reconvenciones* presentadas. Subsiguientemente, el 13 de noviembre de 2025, el TPI dictó *Sentencia Parcial* mediante la cual decretó el archivo de la *Demanda*, con perjuicio, a favor de Betsy M. Cortés Vélez y desestimó las dos (2) *Reconvenciones* presentadas por los apelantes.

Inconforme, el 11 de diciembre de 2025, la parte apelante compareció ante *nos* mediante un *Recurso de Certiorari,* el cual acogemos como un recurso de apelación por ser el recurso correcto en derecho. Mediante dicho recurso, la parte apelante alegó la comisión de los siguientes errores:

1. El TPI erró al desestimar las reconvenciones bajo la regla 10.2 sin analizar ningún hecho material ni aplicar el estándar correcto.

2. El TPI violó el debido proceso al no permitir vista, evidencia, ni oportunidad a ser oídos.

3. El TPI ignoró que BPPR no contestó las reconvenciones en tiempo, lo que implica admisión de hecho o la procedencia de sentencia en rebeldía.

4. El Tribunal no aplicó la regla de interpretación liberal a escritos pro se.

5. El TPI emitió Sentencia parcial mientras existían controversias activas, procesos pendientes y hechos en disputa.

6. El TPI omitió considerar la entrada de sentencia en rebeldía y/o admisión de hechos por parte de BPPR.

El 17 de diciembre de 2025, emitimos una *Resolución* concediéndole un término de veinte (20) días a la parte apelada para

presentar su posición al recurso. El 7 de enero de 2026, la parte apelada presentó un *Alegato en Oposición*. Así las cosas, el 26 de enero de 2026, la parte apelante presentó una *Réplica al Alegato en Oposición*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135

(2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, *supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra*. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

## B. Perfeccionamiento del recurso de Apelación

El perfeccionamiento del recurso de apelación está regulado en la Parte II del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 16 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 31, *supra*, dispone, entre otras cosas, que:

> (1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) En la comparecencia, el nombre de las partes apelantes.
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.
>
> (c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.
>
> (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.
>
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.
>
> (g) La súplica.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí*, 165 DPR 365 (2005), la necesidad de discutir y fundamentar los

errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Asimismo, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Íd.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. Íd. No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. Íd.

### A. Incumplimiento con el Reglamento del Tribunal de Apelaciones

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 117, *supra*, dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud*, 186

DPR 159 (2012); *Pueblo v. Rivera Toro*, 173 DPR 137 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122 (1998).

Asimismo, en *Febles v. Romar*, 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III.**

Según el derecho que antecede, nuestro ordenamiento jurídico le exige a la parte apelante que en su escrito señale, discuta y fundamente el error o los errores que se le imputan al foro primario. Así, el perfeccionamiento adecuado de un recurso está supeditado a que la parte que recurre ante *nos* argumente adecuadamente su contención.

En el caso de autos, el recurso presentado por los apelantes no es revisable. La parte apelante incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, la parte apelante incumplió con los requisitos del Reglamento del Tribunal de Apelaciones al no realizar una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

Además, aunque señaló los errores que a su juicio cometió el foro primario, no los discutió adecuadamente, ni incluyó las disposiciones de ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de revisión. Tal omisión, imposibilita que podamos aquilatar de forma adecuada la determinación de ese foro.

Así pues, aun aplicando la mayor distensión en el cumplimiento de los requisitos reglamentarios en el proceso apelativo, los defectos señalados no nos permiten efectuar una función revisora adecuada. Es preciso recordar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. Véase, *Febles v. Romar, supra.*

En fin, reiteramos que las omisiones del recurso que presentó la parte apelante nos impiden colocarnos en posición de atenderlo de forma adecuada. El recurso ante nuestra consideración incumple con los requisitos básicos para la presentación de un escrito de apelación ante este Tribunal.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de apelación por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones